UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRACEY,** *et al.*                                                                      **CIVIL ACTION**

**VERSUS**                                                                                **No. 06-3238**

**C.B. FLEET HOLDING CO., INC.,** *et al.*                                                **SECTION: I/2**

## ORDER AND REASONS

Before the Court is a motion for reconsideration filed by plaintiffs, Timothy and Brenda Bracey. Plaintiffs ask the Court to reconsider its decision of November 16, 2006, dismissing counts two, three, and four of plaintiffs' complaint pursuant to the then-unopposed motion to dismiss filed by defendants, C.B. Fleet Holding Company, Inc., and C.B. Fleet Company, Inc. (collectively, "Fleet").[1] For the following reasons, plaintiffs' motion is **DENIED**.

*Background*

Plaintiffs filed a complaint on June 21, 2006, alleging that they had suffered damages after Timothy Bracey ingested an oral sodium phosphate solution produced commercially by Fleet. Plaintiffs brought five claims: (1) product liability pursuant to the Louisiana Products Liability Act ("LPLA"), (2) enrichment without cause pursuant to La. Civ. Code art. 2298, (3) violation of the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTP-CPL"), (4) fraud and deceit, and (5) loss of consortium.[2] On October 5, 2006, defendants moved to

---

[1] *See* Rec. Doc. No. 7.

[2] Rec. Doc. No. 1, pp. 5-16.

dismiss counts two, three, and four, arguing that the LPLA was the exclusive remedy for claims against a manufacturer for damage caused by a product. Plaintiffs filed no opposition to defendants' motion. On November 16, 2006, finding defendants' reasoning to be correct, the Court granted the motion.[3]

On December 5, 2006, plaintiffs filed this motion for reconsideration, asking the Court to vacate its previous order of dismissal and consider an attached opposition memorandum in ruling on defendants' motion. Plaintiffs' memorandum in support of their motion, however, offers little in the way of explanation for plaintiffs' failure to file a timely opposition; the memorandum states that "[d]ue to confusion related to undersigned counsel's receipt of the Notice of Hearing, plaintiffs were unaware of not only the filing of the Motion, but the Court's hearing date."[4]

## LAW AND ANALYSIS

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. U. S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). A motion for reconsideration filed within ten days of the district court's judgment will be recharacterized as a motion to alter or amend the judgment and construed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. *See id.* (citing *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)); *see also Blanchard & Co. v. Barrick Corp.*, No. 02-3721, 2003 U.S. Dist. LEXIS 20076, at *3 n.1 (E.D. La. Nov. 3, 2003) (Berrigan, C.J.) ("A motion filed pursuant to Rule 59(e) requires a filing within ten (10) business days of the dispositive motion which the party seeks to have reconsidered . . . ."). A motion for reconsideration filed more than ten days

---

[3] Rec. Doc. No. 7.

[4] Rec. Doc. No. 12-3, p. 2.

after the judgment is treated as a Rule 60(b) motion for relief of judgment.  *Dial One of the Mid-South, Inc. v. Bellsouth Telecomm., Inc.*, 401 F.3d 603, 606 (5th Cir. 2005) (citing *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 n.3 (5th Cir. 1991)); *see also Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) ("Under which Rule the motion falls turns on the time at which the motion is served.").

The Court's order was filed on November 16, 2006, and plaintiffs' motion to reconsider was filed on December 5, 2006.  According to Rule 4(a), defendant's motion came more than 10 days after the Court's order and will be analyzed pursuant to Rule 60(b).  Rule 60(b) provides in part that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgement, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

After reviewing plaintiffs' memorandum, the Court finds no need to reconsider its previous ruling because plaintiffs have not provided the Court with any sufficient reason to justify relief from its order.

Moreover, the Court finds the opposition arguments plaintiffs have proffered unpersuasive.  Plaintiffs argue that, because the LUTP-CPA offers remedies distinct from those available via the LPLA, they should be allowed to pursue their LUTP-CPA claims despite the exclusivity of the LPLA.  Plaintiffs, however, provide the Court will no useful authority for their

arguments, and--as stated in this Court's previous order--the exclusivity of the LPLA is well-established in both the statute and its attendant case law.  *See* La. Rev. Stat. § 9:2800.52 ("A claimant may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability not set forth in [the LPLA]."); *Jefferson v. Lead Indus. Ass'n*, 106 F.3d 1245, 1250-51 (5th Cir. 1997); *Hilton v. Atlas Roofing Corp.*, No. 05-4204, 2006 U.S. Dist. LEXIS 30284, at *6 (E.D. La. May 17, 2006) (Africk, J.); *Lacey v. Bayer Corp.*, No. 02-1007, 2002 U.S. Dist. LEXIS 9647, at *4 (E.D. La. May 23, 2002) (Porteous, J.).

Accordingly,

**IT IS ORDERED** that plaintiffs' motion for reconsideration[5] is **DENIED**.

New Orleans, Louisiana, December __15th__, 2006.

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**LANCE M. AFRICK
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE**

---

[5]Rec. Doc. No. 12.